## Bardell v. Hoch et al.

*W. Justin Carter*, for plaintiff.
*Douglass D. Storey*, for defendant.

HARGEST, P. J., October 1, 1945.—Minnie B. Bardell presented her petition in this court, under section 300 (*l*) of the Federal Soldiers' and Sailors' Civil Relief Act of October 17, 1940, 54 Stat. at L. 1178, to be permitted to pursue her remedies to obtain the possession of a property. An answer was filed and testimony taken.

A lease from month to month was drawn between Alton E. Zimmerman, owner, and Zora Hoch, Verna Hoch, and Mary Honaker, dated April 1, 1944, for a

frame dwelling house, 616 Chambers Street, in the Village of Bressler, Dauphin County. Zora Hoch and Verna Hoch signed the lease, but Mary Honaker refused to sign it until a copy thereof was furnished to her. Promptly upon the execution of the lease April 1, 1944, the lessees named therein occupied the premises.

Verna Hoch was married April 30, 1944, to a soldier, Joseph Drabick, now overseas, and a child was born February 3, 1945. Mary Honaker, at the time of the signing of the lease, was the wife of a soldier who, however, was discharged August 9, 1945. Her counsel concedes she has no rights under the Soldiers' and Sailors' Civil Relief Act.

On March 3, 1945, Minnie B. Bardell purchased the property for the purpose of a dwelling for herself and daughter, because she was required to leave her nephew's house, where she had been living from time to time. At the time she purchased the property she knew that Verna Hoch and Mary Honaker were married, but the evidence is not clear as to whether she knew they were married to soldiers.

On March 14, 1945, the Office of Price Administration for this area authorized action to evict the tenant, not to be commenced sooner than the expiration of three months after March 3, 1945.

The question now is whether, in exercising the discretion which is vested in this court, we should authorize such action of eviction.

Section 100 of the Soldiers' and Sailors' Civil Relief Act, 50 U. S. C., §510, provides:

"In order to provide for, strengthen, and expedite the national defense under the emergent conditions which are threatening the peace and security of the United States and to enable the United States the more successfully to fulfill the requirements of the national defense, provision is hereby made to suspend enforcement of civil liabilities, in certain cases, of per-

sons in the military service of the United States in order to enable such persons to devote their entire energy to the defense needs of the Nation, and to this end the following provisions are made for the temporary suspension of legal proceedings and transactions which may prejudice the civil rights of persons in such service during the period herein specified over which this act remains in force."

Section 300 of the Soldiers' and Sailors' Civil Relief Act of October 17, 1940, 54 Stat. at L. 1178, c. 888, as amended by the Act of October 6, 1942, 56 Stat. at L. 771, 50 U. S. C. §530, provides in part:

"(1) No eviction or distress shall be made during the period of military service in respect of any premises for which the agreed rent does not exceed $80 per month, occupied chiefly for dwelling purposes by the wife, children, or other dependents of a person in military service, except upon leave of court granted upon application therefor or granted in an action or proceeding affecting the right of possession."

"(2) On any such application or in any such action the court may, in its discretion, on its own motion, and shall, on application, unless in the opinion of the court the ability of the tenant to pay the agreed rent is not materially affected by reason of such military service, stay the proceedings for not longer than three months, as provided in this Act, or it may make such other order as may be just . . .''

This act is highly remedial legislation and it should be liberally construed in the interest of service men and their dependents, and all doubts should be resolved in favor of service men: Keener et al. v. Vannan et al., 56 Dauph. 397, 399.

In that case this court held that a landlord's petition for leave to evict tenants from an apartment occupied by the wife and infant son of a service man would not be granted where the landlord desired to remodel the building to make more apartments, where the wife had

made an extensive search for other apartments and could not secure comparable accommodations at the same rental.

In Hummel et ux. v. Sheehan et ux., 52 D. & C. 492, 495, Judge Crumlish, in a elaborate opinion said:

". . . it is apparent that the underlying purpose of Congress in passing the Soldiers' and Sailors' Civil Relief Act of 1940 and its amendment of 1942 was prompted by at least two considerations: first, to protect persons in military service and their dependents from injury or prejudice to their civil rights occasioned by the military service; and, second, to relieve thereby service men from mental strain and distress so that they will be able to devote their entire energies and efforts to the military needs of the nation. [Citing cases]."

In that case, as here, the purchaser acquired the premises to occupy them as his own dwelling. But the husband of the tenant was in military service, and the wife, after diligent efforts, was unable to find another house into which she could move. The petition to take proceedings in eviction was denied.

In Gleeson et ux. v. Laviano et ux., 53 D. & C. 5a, plaintiffs had purchased for their use as a home the premises occupied by the defendant husband, a Captain in the United States Marine Corps, who had been in the service for about 26 years, and was about to be sent overseas. Plaintiffs, as in the instant case, obtained consent from the Office of Price Administration to proceed to recover possession of the property. Judge MacDade, after referring in scathing terms to the fact that the Office of Price Administration had given its consent under the circumstances, said:

"We are fully mindful of plaintiffs' normal desire to obtain possession of their home. Dissatisfied with their present housing accommodation, plaintiffs purchased the property with intent to presently occupy it. Unfortunately, such possession would result in great hard-

ship to the defendants since, despite their diligent efforts they have been unable to find another house to which they can move, except the farm as aforesaid. Knowledge of his wife's plight has undoubtedly caused Captain Laviano that mental distress and strain sought to be avoided by Congress in enacting the Soldiers' and Sailors' Civil Relief Act. . . .

"The purchaser of residential premises leased to husband and wife will be denied recovery of possession thereof, notwithstanding a bona fide intention to occupy the premises as his own dwelling, where the husband tenant is in military service and the tenant after diligent efforts has been unable to find another house to which they may move."

A similar case was decided by Judge Welsh in the United States Court for the Eastern District of Pennsylvania, in Arch v. Berson, civil docket M-1086.

So, in Davis, Exec., v. Brown, 46 D. & C. 123, where a mortgagor, by reason of his military service, was unable to comply with the terms of his mortgage obligation, foreclosure proceedings were stayed until three months after his discharge from service, under certain conditions.

See also First Federal Savings & Loan Assn. v. White et ux., 49 D. & C. 169.

In the instant case Verna Hoch, now inter-married with Joseph Drabick who is in the military service and now overseas, and the mother of an infant child born February 3, 1945, is one of the lessees of this property, and she has testified that they have searched everywhere, called upon real estate agents, went as far back of Carlisle as eight miles from the bus, and have not been able to secure an appropriate dwelling into which to move.

Under these circumstances, and exercising the discretion vested in us by the Soldiers' and Sailors' Civil Relief Act, we are of the opinion that said act requires us to refuse the petition in this case.

Now, October 1, 1945, the petition of Minnie B. Bardell for authority to pursue remedies to obtain possession of the property 616 Chambers Street, in the Village of Bressler, Dauphin County, Pa., is hereby dismissed and the rule granted thereon discharged; at the cost of petitioner.